BYRNES, Director of Economic Stabilization, v. FLANAGAN et al., Public Utilities Commission of District of Columbia.

HENDERSON, Price Administrator, v. SAME.

Nos. 17805, 17806.

District Court of the United States for the District of Columbia.

Feb. 1, 1943.

David Ginsburg, Nathaniel L. Nathanson, and Harry R. Booth, all of Washington, D. C., for appellants.

Richmond B. Keech and Lloyd B. Harrison, both of Washington, D. C., for appellees.

Stoddard M. Stevens, Jr., of New York City., and E. Barrett Prettyman and C. Oscar Berry, both of Washington, D. C., for intervenor Washington Gas Light Co.

LETTS, Associate Justice.

This proceeding arises out of the entry of an order by the District of Columbia Public Utilities Commission on October 13, 1942, in which it granted the right of the Washington Gas Light Company, a public utility rendering gas service in the District of Columbia, to a rate increase applicable to the customers of that company.

An appeal is taken by the Office of Price Administration from that order and a like appeal is taken by the Director of Economic Stabilization from that order and a subsequent order entered on October 23, which denied the right of the Price Administrator on behalf of the Director of Economic Stabilization to intervene in that proceeding in accordance with the provisions of an act of Congress approved October 2, 1942, Inflation Control Act of 1942, 50 U.S.C.A. Appendix, § 961 et seq.

On March 20, 1942, the Public Utilities Commission entered an order setting for hearing and investigation the rates of the Washington Gas Light Company. The order provided as follows: "That an engineering and accounting investigation be made relative to the rates, tolls, charges and tariffs and rules and regulations and conditions of service of the Washington Gas Light Company, including an investigation in conformity with the sliding scale arrangement."

The sliding scale arrangement which was referred to by the Commission in its order of March 20, 1942, was entered into by the Commission on December 13, 1935. It appears that in 1935 the Commission was engaged in an investigation of the rates and valuation of the property of the Washington Gas Light Company. Following that investigation the Commission, after hearing, entered into what is known as the sliding scale arrangement pursuant to the provisions of paragraph 18 of the Public Utilities Act of the District of Columbia, D.C.Code 1940, § 43-317.

That arrangement provided for a rate base of the property of the company; it provided for the determination of depreciation expense; it provided for a basic return of six and one-half per cent; it provided for a certain formula and certain principles for the annual determination of rates following the entry of this sliding scale arrangement. It provided also that if the net earnings of the company were to exceed six and one-half per cent, then the excess earnings should be divided between the customers and the company in the form of a rate reduction. It provided also that if the earnings of the company were lower than six and one-half per cent, under certain conditions there should be a rate increase to the company.

It was under the provisions of this sliding scale arrangement which the Commission entered its order of March 20,

1942, providing for the fixing of rates of the Washington Gas Light Company for the year beginning September 1, 1942. Following the issuance of this order of March 20, certain investigations were made in accordance with the sliding scale arrangement by the Commission's accountants and engineers. On August 14, 1942, a pre-hearing conference was held, to which the Utilities Counsel for the Office of Price Administration was invited and appeared. Subsequently, the Commission went forward with the formal hearings on this matter, on August 18, at which time a petition for intervention in that proceeding was filed by the Office of Price Administration and was granted.

That petition sets forth the very grave responsibilities of the Office of Price Administration in connection with the stabilization of prices and for the elimination of price increases under Public Law No. 421, which was the first Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq.; it pointed out that pursuant to the provisions of that statute, steps had been taken by the Office of Price Administration to stabilize nearly all commodity prices to the extent to which they were within the jurisdiction of the Office of Price Administration.

It also pointed out that payment for gas service constituted a regular item in the cost of living and that this was the first time since the nation had entered into the war and since we had been involved in this great emergency that the Commission was proceeding to fix rates pursuant to this formula which had been entered into in 1935 under economic conditions which were totally different from the conditions at the time the Commission began to consider the question as to what shall be the fair and reasonable rates of the Company.

The Commission was requested to reconsider the basic principle of the sliding scale arrangement in the light of the Government's program to prevent increases in the cost of living and to stabilize prices.

The Price Administrator claims that notwithstanding he was permitted to intervene the Commission nullified the permission by refusing to reconsider the basic principles of the sliding scale arrangement in the light of the economic conditions and the Government's program to prevent inflation. Appellants contend that by its rulings and pronouncements it limited its consideration to such data as would enable it to apply the

formula of the sliding scale arrangement in determining what rates were authorized by the sliding scale arrangement.

Appellants complain that the Commission narrowly considered the matter of rates within the limits of the sliding scale arrangement and refused to broaden the scope of its inquiry to determine whether the formula of the sliding scale could be properly applied in the light of known economic conditions and the Government's program to prevent increases in the cost of living. It is said for the Commission that the order of March 20, 1942, provided only for the engineering and accounting investigation necessary to conform with the sliding scale arrangement and that it was not required at the instance of appellants to broaden the scope of its inquiry beyond the purpose indicated in the order of March 20, 1942.

The amendment of October 2, 1942, 50 U.S.C.A. Appendix, § 961 et seq., to the Emergency Price Control Act of 1942 provided in part "That no common carrier or other public utility shall make any general increase in its rates or charges which were in effect on September 15, 1942, unless it first gives thirty days notice to the President, or such agency as he may designate, and consents to the timely intervention by such agency before the Federal, State, or municipal authority having jurisdiction to consider such increase."

■ I think the Commission erred in its belief that it could proceed in accordance with the 1935 sliding scale arrangement alone and in the face of the Congressional Act of October 2, 1942.

The Act of October 2, 1942, required that the Commission give the President's representative a reasonable opportunity to present his case that the Commission might determine whether the formula agreed upon in the sliding scale arrangement was inflationary, under present known conditions.

The record does not show that such opportunity was afforded: accordingly the case is returned to the Commission with direction that an inquiry be made to determine whether an application of the sliding scale formula is inflationary in view of the changed economic and war conditions.

■ True, some of the evidence offered by appellants to broaden the scope of inquiry was received. I think upon the record it is clear that the Commission regarded the inquiry within narrow limits

and within the scope of the order of March 20, as interpreted by the Commission and that the Commission closed its ears to the insistent demand of appellants to give consideration to the new factors required by the Act of October 2, 1942. In that respect I find that the action of the Commission was arbitrary and illegal. The right conferred upon the President and his representatives was not a mere formality. The privilege of intervention is one of substance and has direct relation to the avowed purpose of Congress to stabilize prices, wages and profits.

It is not so much a question as to whether the Commission should enlarge or broaden the scope of its hearing under the order of March 20 as what it should do to fix reasonable and just rates as required by the Act of October 2, 1942, which seeks to prevent inflation. Such question may not be dismissed but must be met and the only way to meet it is to hear fully such evidence as the President's representatives may produce and otherwise make a searching investigation in the light of present economic and war conditions to determine whether the proposed increase in rates will be inflationary in character and so contrary to the declared policy of Congress.

The sliding scale arrangement is not a contract, certainly not one which binds the public. It must give way to public policy and to Congressional enactment which expresses that policy. The Commission in good faith has sought to fulfil its obligations under the sliding scale arrangement but may have lost sight of the check upon it which has been voiced by Congress. I am not unmindful that the effort and the cost in bringing about the sliding scale arrangement was very great. I think it was the result of fair and honest judgment and has been found to be a good workable and economical plan, but it must now be subjected to a test not previously required.

■ In returning the case to the Commission it is with the direction that they afford the President's representatives the opportunity to fully test the inflationary trend, if any, which the proposed increase in rates may portend, and that the Commission cooperate therein. In so returning the case I indulge the hope that needless expense will be spared and that the question of the inflationary effect of the proposed increase will be fairly met. Any arrangement before October 2, 1942, lacks

public approval and must give way to Congressional edict. The basic principles of the arrangement and other factors which inhere in the question of inflation and of fairness and justice are open for determination.

The appeal is sustained and the Commission's order will be vacated. This memorandum may serve as a statement of my reasons for such action. If additional reasons are considered to be necessary they may be suggested. Let appellants present an appropriate form for final order.